IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RYAN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00927 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| RUTHERFORD COUNTY. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Pending before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 20), recommending that Defendant's motion for sanctions and dismissal with prejudice (Doc. No. 19, "Motion") be granted in part. The Magistrate Judge recommends that the Motion be granted in that Plaintiff's claims be dismissed under Fed. R. Civ. P. 41(b), but denied in that such dismissal be without prejudice. No objections to the R&R have been filed, and the time for filing objections has now expired.[1]

---

[1] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail.

Here, the Court received the envelope of the R&R that was mailed to Plaintiff marked "Return to Sender, Vacant, Unable to Forward," 18 days after the R&R was entered on August 18, 2023. (Doc. No. 21). This actually comes as no surprise, given that part of the basis of the Magistrate Judge's recommendation to dismiss pursuant to Rule 41(b) is Plaintiff's failure to keep the Court informed of a good mailing address. (Doc. No. 20 at 5). In light of Plaintiff's disregard for prior instructions from the Court to provide an updated mailing address lest his case be subject to dismissal (*see* Doc. No. 8 at 3), the Court is unwilling to take additional measures to notify Plaintiff that the R&R has been filed or to give Plaintiff the opportunity to file objections beyond the deadline imposed by Rule 72(b).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Nonetheless, the Court has reviewed the R&R and the file. The R&R is adopted and approved. Accordingly, Defendant's motion for sanctions and dismissal at Doc. No. 19 is GRANTED IN PART. Plaintiff's claims are hereby DISMISSED without prejudice.

The Clerk is directed to enter judgment under Rule 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE